FILED
FEB 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TOMMY LEE STEVENS,             )
                               )
            Plaintiff,          )
                               )
    v.                         )   Civil Action No.  11 0367
                               )
UNKNOWN EMPLOYEES              )
OF THE DEPARTMENT OF HEALTH    )
AND HUMAN SERVICES, *et al.*,   )
                               )
            Defendants.         )

## MEMORANDUM OPINION

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint.[1] The court will grant the application, and dismiss the complaint.

The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(E)(1)(B). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion

---

[1] Plaintiff purports to bring this action on behalf of Caroline Anna Chisholm, *see* Compl. at 2, but he cannot do so. He may represent himself as a *pro se* litigant but as a lay person he is not qualified to appear as counsel for another. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *see Blackman v. District of Columbia,* 355 F.Supp.2d 171, 172-73 (D.D.C. 2005) (striking motion filed by attorney without license to practice law in the District of Columbia).

1

to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff alleges that the defendants are performing research against his will. Compl. at 1 (page number designated by the court). According to plaintiff, the defendants had him "implanted with a transceiver chip" which can "monitor the functions of the body, control the organs of the body, . . . transmit their voice . . . so that only the implanted person can hear what they are saying, receive signals from a person's brain and by use of [a] computer translate the signals into pictures or language," and which can cause pain, sickness, and bleeding. *Id.* at 2. In addition, the defendants have "attacked [him] by use of transmitting something like a laser." *Id.* Plaintiff demand compensatory and punitive damages totalling $100 million. *Id.* at 3.

The court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the court concludes that its factual contentions are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: Feb. 4, 2011

United States District Judge